30996. LEAGUE OF WOMEN VOTERS OF DeKALB COUNTY et al. v. BOARD OF ELECTIONS OF DeKALB COUNTY.

JORDAN, Justice.

The League of Women Voters of DeKalb County and three individual voters of the county brought an action for mandamus to require the Board of Elections to conduct a nonpartisan election for members of the Board of Education for the DeKalb County School District in the election to be held in November, 1974, and for declaratory judgment declaring that partisan elections for these offices violate the Constitution and laws of Georgia.

The judgment appealed from was entered after the election had been held, and only the declaratory relief was considered. The trial judge held that the Georgia Election Code (Ga. L. 1964, Ex. Sess., p. 26 et seq.; Code Ann. § 34-101 et seq.) applied to the election of members of the DeKalb Board of Education, and that any provision of Ga. L. 1963, pp. 3424-3433, which might require an election of board members on a nonpartisan basis was repealed by the 1964 Election Code. We affirm. The constitutional

provision for the election of members of county boards of education (Constitution, Art. VIII, Sec. V, Par. I; Code Ann. § 2-6801) was amended by two local amendments pertaining to the DeKalb County Board of Education. Ga. L. 1947, pp. 1753-1755; Ga. L. 1962, pp. 998-999. Neither of these constitutional amendments requires a nonpartisan election of board members.

Pursuant to the authorization of the local constitutional amendments, the General Assembly created a Board of Education in DeKalb County. Ga. L. 1963, pp. 3424-3433. In § 3 of this Act it is provided that members shall be elected "at a special board of education election . . . at the same time and in the same polling places as general elections are held. . ." Qualification of candidates is "by filing a notice of their candidacy with said ordinary at least 30 days prior to the election date. . ."

The appellants contend that the language in § 3 of the 1963 Act requires that members of the DeKalb County Board of Education be elected on a nonpartisan basis. While we do not agree that this language requires a nonpartisan qualification, it does permit nonpartisan qualification.

The 1964 Election Code repeals numerous election laws, but does not specifically repeal any provision of the 1963 DeKalb Board of Education law. Code Ann. § 34-2001. However, the 1964 Election Code states that it "shall apply to any general or special election in this State to fill any Federal, State or county office, . . . and to any Federal, State or county election or primary for any other purpose whatsoever: Provided, however, it shall not apply to any municipal primary or election." Code Ann. § 34-102. It generally repeals all other laws and parts of laws in conflict with it. Code Ann. § 34-2005. It is a comprehensive law designed to regulate all elections in the state except municipal elections, and repeals any provision of the 1963 DeKalb Board of Education Act inconsistent with it.

The 1964 election law provides that a candidate may qualify for an election by virtue of (1) nomination in a primary conducted by a political party; (2) filing a nomination petition; (3) nomination of presidential electors; (4) substitute nomination of a political party or

body; (5) "candidate in a special election as prescribed in § 34-1002 (c)"; (6) incumbent qualifying as a candidate to succeed himself. Code Ann. § 34-1001.

The appellants assert that, even if the 1964 Election Code applies to elections of members of the DeKalb County Board of Education, the election is a "special" election in which the candidate is not required to qualify by nomination of a political party or by petition. The Election Code defines a "general election" as "an election recurring at stated intervals fixed by law; . . ." Code Ann. § 34-103 (h). A "special election" is defined as "an election that arises from some exigency or special need outside the usual routine; . . ." Code Ann. § 34-103 (a,b). It is obvious that the DeKalb Board of Education election comes within the definition of a general rather than a special election.

The trial judge correctly refused to hold that nonpartisan elections for members of the DeKalb County Board of Education are required by law.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents, and Hill, J., disqualified.*

ARGUED APRIL 19, 1976 — DECIDED JUNE 8, 1976.

*Robert H. Walling, Ralph T. Bowden, Jr.,* for appellants.
*Wendell K. Willard,* for appellee.